UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MATTHEW B. ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-502 |
| ) | (JORDAN/SHIRLEY) |
| BLUE SKY TIMBER PROPERTIES, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 32] of the Honorable R. Leon Jordan, Senior United States District Judge, for disposition of the plaintiff's Motion to Compel and to Continue Trial Date and Related Deadlines. [Doc. 31] The plaintiff moves the Court to compel the defendant to respond to plaintiff's discovery requests and to continue the trial and related deadlines in this matter. The defendant has not responded to the instant motion and the time for doing so has passed. See L.R. 7.1(a), 7.2. The parties came before the Court on October 1, 2007, for a hearing on the instant motion. David Day and Edward Graves, Jr. were present on behalf of the plaintiff, while Gary Prince and W. Kyle Carpenter were present on behalf of the defendant.

For the reasons announced more fully during the hearing, the plaintiff's motion [Doc. 31] was **GRANTED in part,** to the extent that the Court ordered the defendant to provide the plaintiff with his requested discovery and established new discovery deadlines, and **DENIED in**

**part**, to the extent that the Court did not continue the trial currently scheduled for December 17, 2007. Specifically, The Court set the following deadlines and made the following findings:

1. The defendant shall provide the plaintiff with the defendant's Rule 26(a)(1) disclosures and shall provide answers to the plaintiff's written discovery requests on or before October 11, 2007. Because of the defendant's inordinate delay in responding to the plaintiff's discovery requests, the Court finds that the defendant has waived any opportunity to object to the discovery requests as overbroad or unduly burdensome.

2. The parties shall have until and including November 10, 2007, to depose the plaintiff, the defendant, any necessary agents or employees of the defendant, any third parties that may share liability in this matter, and any individuals who may be providing expert testimony. This deadline does not apply to the depositions of any of the plaintiff's treating physicians, which, if necessary, should occur in a timely fashion.

3. The Court finds that this matter should not be continued at this time. If a compelling need to continue this matter arises after the parties have completed discovery, the parties may move for a continuance at that time.

The Court also warns the parties that further unwarranted delay will not be tolerated. Any further recalcitrance during the discovery process shall be met with the appropriate penalties and sanctions. See Fed. R. Civ. P. 37.

**IT IS SO ORDERED.**

                              **ENTER:**

                                  s/ C. Clifford Shirley, Jr.
                                United States Magistrate Judge