UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MATTHEW B. ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-502 |
| ) | (JORDAN/SHIRLEY) |
| BLUE SKY TIMBER PROPERTIES, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Orders [Doc. 39, 41, 48] of the Honorable R. Leon Jordan, Senior United States District Judge, for disposition of the plaintiff's Motion for Sanctions [Doc. 37], Motion to Expedite Hearing on Motion for Sanctions and for Other Relief in Conjunction with the Motion for Sanctions [Doc. 40], Motion to Modify Order and/or Strike Notice of Deposition [Doc. 45], and Amendment to Motion for Sanctions and Motion to Expedite. [Doc. 46] The parties came before the Court on October 30, 2007, for a hearing on the instant motions. David Day and Edward Graves, Jr. were present on behalf of Plaintiff Matthew Rodgers ("Plaintiff"), while Gary Prince and W. Kyle Carpenter were present on behalf of Defendant Blue Sky Timber Properties, LLC ("Defendant"). For the reasons and to the extent discussed below, Plaintiff's motions [Docs. 37, 40, 45, 46] are hereby **GRANTED in part and DENIED in part**.

Plaintiff moves the Court to impose sanctions on Defendant for Defendant's failure to comply with the Court's Order [Doc. 35] directing Defendant to respond to Plaintiff's written discovery requests and to work with Plaintiff in scheduling the depositions of certain witnesses. Plaintiff contends that Defendant's responses were untimely and did not provide adequate answers

to the propounded questions. Plaintiff further argues that Defendant did not timely produce the documents requested by Plaintiff. Additionally, Plaintiff asked that, given that the court reporter who had taken Plaintiff's original deposition has been located, that the Court either preclude a second deposition of Plaintiff or preclude Defendant from using the first transcript in the instant litigation. Defendant opposes Plaintiff's motions, arguing that they provided adequate responses to the written discovery and that any delay in responding was excusable and non-prejudicial to Plaintiff.

With respect to the written discovery responses, the Court notes that Defendant's responses were due on or before October 11, 2007, but the signed responses were not provided until October 12, 2007.[1] While the Court does not condone Defendant's failure to comply with the Court's schedule, the Court does not find Defendant's one day delay in compliance to be so egregious as to warrant the imposition of sanctions. Additionally, as the Court noted at the hearing, while Defendant's written responses are certainly below the level of quality the Court expects from the attorneys in this matter, the Court, in light of the explanations given in their subsequent response and at the hearing, does not find the responses to be so lacking as to warrant the imposition of sanctions. The Court did admonish Defendant on the use of boiler plate objections, the invocation of privilege without a privilege log, and that future compliance is expected.

With respect to the production of documents, the Court notes that, during the hearing, defense counsel could not explain why the declarations page of Defendant's insurance policy was not produced until after Plaintiff's motion for sanctions was filed, but that the document has now been produced. The Court notes that Plaintiff also points to Defendant's failure to produce a signed

---

[1]Defendant provided an unsigned response on October 11, 2007.

copy of the lease governing the property in question at the time of the events at issue, but Defendant indicated that it was not in possession of a signed copy of the lease, though a third party might possibly have a signed copy. Again, while the Court does not condone Defendant's untimely production, it does appear that Defendant has produced the only copy of the lease that it possesses, or has access to, even though it is unsigned. The Court also reiterates that should either party fail to produce a document during discovery, they may, and likely would, be precluded from producing the document for use at trial. Should such an event occur, the opposing party has leave to file the appropriate motion or objection at that time.

With respect to the taking of depositions in this matter, the parties have now advised the Court that they have scheduled the depositions of Plaintiff, Tony Gant, Nancy Mathis, Merrill Nall, and Michael Martin to occur on November 14 -15, 2007. The parties have further advised the Court that the depositions will be noticed and the deponents subpoenaed as appropriate under the Federal Rules of Civil Procedure. As to Plaintiff's request for sanctions related to the failure to schedule these depositions, the Court finds that any delay was caused by a failure of the parties to appropriately communicate with each other and that sanctions are not appropriate at this time. The Court also reiterates that Defendant is precluded from taking a second deposition of Plaintiff until such time as Plaintiff has been provided or been able to obtain and review the transcript of Plaintiff's first deposition.

With respect to the issue of comparative fault, Defendant conceded at the October 30, 2007, hearing that the only comparative fault defense it asserted at this time is Plaintiff's own comparative fault. Defendant further conceded that it knew of no facts which would lead Defendant to believe that any third party was liable in this lawsuit, including the Martin Hunting Club, and did

3

not intend to claim the Martin Hunting Club was at fault. Given Defendant's statements, coupled with the noted failures of Defendant to comply with the discovery schedule established in this matter, Defendant is precluded from arguing that a third party is liable for the events at issue in this matter.[2]

Should there remain any discovery disputes as to the production of documents or any other matters related to Plaintiff's motions, the parties are **DIRECTED** to **MEET AND CONFER** within seven (7) days of the entry of this Order to attempt to resolve the dispute. If, within seven (7) days after such meeting, it is apparent that the parties cannot resolve the dispute, the parties are directed to schedule a telephone conference with the undersigned. Given the parties' assurances at the October 30, 2007, hearing that they could, and would, resolve any remaining disputes, the Court will allow them such opportunity, but notes that any future failure to comply could result in the imposition of sanctions.

Finally, the Court notes that it had previously given the parties until November 10, 2007, to depose certain witnesses. The discovery deadline is extended to the extent necessary to allow the parties to conduct the depositions discussed above and to otherwise comply with this Order.

**IT IS SO ORDERED.**

                                    **ENTER:**

                                      s/ C. Clifford Shirley, Jr.
                                      United States Magistrate Judge

---

[2] Should testimony indicating that a third party was liable for the events at issue arise from the currently scheduled depositions of Plaintiff, Tony Gant, Nancy Mathis, Merrill Nall, or Michael Martin, Defendant may move the Court at that time to reconsider this aspect of the Court's ruling.